Dear Mayor Stephens:
You state in your correspondence dated October 5, 1994, that the current Chief of Police, appointed by the governing authority after a vacancy in office occurred because of the retirement of the former official, was defeated in the October 1, 1994 election. You ask whether you in your capacity as Mayor and the Town Council may remove the appointed Chief of Police and then appoint the newly elected Chief of Police to serve out the remainder of the term.
Pursuant to LSA-R.S. 18:602(A), the local governing authority may appoint a person to fill a vacancy in a local elective office. A vacancy is defined by statute as follows:
 (1) A "vacancy" occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding. LSA-R.S. 18:581(A).
Mr. Salvadore Genusa holds an elective office as Chief of Police of Fordoche, notwithstanding the fact that he holds that office by virtue of his appointment by the Fordoche governing authority. From the facts related, there is currently no vacancy in the elective office of Chief of Police. For this reason, we conclude that the governing authority of the Town of Fordoche presently has no authority to appoint the newly elected Chief of Police to this office.
Note that LSA-R.S. 18:581(A) provides that a vacancy occurs in an elective office when the official is removed from office by any means. Removal results from a judgment of the district court after the public officer has been convicted of a felony offense. See LSA-R.S. 42:1411 and LSA-R.S. 42:1412. Again, the facts related do not indicate that LSA-R.S. 18:581(A) is applicable.
We also refer you to the following pertinent provisions of the Election Code:
 A. When a vacancy occurs in the office of a member of a parish or municipal governing authority or a combination thereof, a mayor, or any other local or municipal office, except an office covered by Subsections B and C hereof and except the office of judge, state legislator, or marshal of a city or municipal court, and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office . . . . . (LSA-R.S. 18:602(A)); (Emphasis added).
Mr. Genusa was appointed as a result of a vacancy created by the retirement of the previous Chief of Police. The length ofMr. Genusa's term is predicated upon whether the newly elected Chief of Police was elected at a special election, or was elected at the regular municipal primary election for that office. LSA-R.S. 18:602(E)(3) and LSA-R.S. 18:602(E)(4) provide, respectively:
 (3) The special election shall be held, without the necessity of a call by the governor, except in the case of a vacancy in the office of district attorney. When a special election is required, the appointee or person designated to assume the duties of the office shall serve only until the successor is elected and takes office.
 (4) If the unexpired term of a municipal office covered by Subsection A is one year or more, but the vacancy occurs within one year of the regular municipal primary election for that office, no special election will be called and the appointee shall serve for the remainder of the term of office.
We refrain from addressing the issue implicitly raised by your correspondence, i.e., whether Mr. Genusa might be subject to penalties imposed for malfeasance in public office. See LSA-R.S.14:134. You may wish to refer this matter to your district attorney, or seek a further opinion concerning ethical misconduct from the State Board of Ethics for Elected Officials, 7434 Perkins Road, Suite B, Baton Rouge, Louisiana, 70808.
Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Honorable H. A. Stephens Mayor Village of Fordoche P.O. Box 25 Fordoche, LA 70732
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL